**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| NEW YORK LIFE INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 4:17-CV-2532 CAS ) |
| DEBORAH ANN LEWIS and JENNIFER GREEN, | ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion to interplead and/or distribute remaining death benefit and to dismiss with memorandum of law. Defendants did not respond to the motion, and the time to do so has expired. This Court cannot grant plaintiff's motion because it is without subject matter jurisdiction and, thus, must dismiss this case without prejudice.

*I. Background*

Plaintiff New York Life Insurance Company ("NYLIC") filed this action to determine who is entitled to receive the remaining proceeds of decedent Byron Poindexter's life insurance policy. Named as defendants are the decedent's wife, Deborah Ann Lewis, and decedent's sister, Jennifer Green. By Beneficiary Change Form, dated August 9, 2010, Ms. Lewis was designated as 66.66% primary beneficiary to the policy and Ms. Green as 33.33% secondary beneficiary to the policy. The insured died on March 9, 2013 as a result of a gunshot wound to the head, which was classified as a homicide. On February 2, 2018, Ms. Lewis plead guilty to Mr. Poindexter's murder and was found guilty of Murder in the Second Degree and Armed Criminal Action. NYLIC distributed 33.33% of the life insurance proceeds to Ms. Green.

NYLIC filed this action on October 5, 2017 pursuant to 28 U.S.C. § 1335, naming as defendants Ms. Lewis and Ms. Green. Ms. Lewis was served on December 18, 2017 and Ms. Green was served on December 19, 2017. Neither defendant has answered the complaint, entered an appearance, filed a claim for the remaining 66.6% of the proceeds, nor responded to NYLIC's motion to interplead. NYLIC did not seek a Clerk's Entry of Default against either defendant pursuant to Rule 55(a), Federal Rules of Civil Procedure.

## *II. Discussion*

28 U.S.C. § 1335(a)(1) provides that district courts have jurisdiction of any civil action of interpleader when there are "two or more adverse claimants." "The purpose of an interpleader action is to shield a disinterested stakeholder from the costs of having to defend against multiple suits, and from the risk of multiple liability or inconsistent obligations when *several claimants assert rights to a single stake*." S & W Foreclosure Corp. v. Okenfuss, 2010 WL 106675, at *1 (E.D. Mo. Jan. 6, 2010) (emphasis added). Federal Rule of Civil Procedure 22 authorizes a stakeholder to file an interpleader when there are "[p]ersons with claims that may expose a [stakeholder] to double or multiple liability."

"[I]n order to avail itself of the interpleader remedy, a stakeholder must have a good faith belief that there are or may be colorable competing claims to the stake." Michelman v. Lincoln Nat'l. Life Ins. Co., 685 F.3d 887, 894 (9th Cir. 2012); see also 4 James Wm. Moore, et al., Moore's Federal Practice § 22.03[1][d] (3d ed. 2016) ("Interpleader is proper only if claims against the stake are adverse to each other and adverse to the stake itself."). "The adverse claim – whether actual or potential – must be at least colorable." Michelman, 685 F.3d at 895; see Bauer v. Uniroyal Tire Co.,

630 F.2d 1287, 1282 (8th Cir. 1980) (describing interpleader claimants as having "a colorable interest in the fund.").

When an "action does not involve two or more adverse claimants . . . it does not meet the jurisdictional requirements of the interpleader statute." Delta Lloyds Ins. Co. v. Rhodes, 2013 WL 12122118, at *1 (N.D. Tex. Feb. 4, 2013) (citing Kennametal, Inc. v. International Union, 161 F. Supp. 362, 363 (W.D. Pa. 1958) (court was without jurisdiction under interpleader statute because there was only one claimant to the fund)); see also 4 Moore's Federal Practice § 22.03[1][g] ("the court may refuse interpleader if . . . one of two claimants abandons its claim.").

In the instant case, there are no actual claimants. None of the defendants have answered the complaint, entered an appearance, or filed a claim for the remaining 66.6% of the proceeds. Ms. Lewis does not have a colorable interest in the remaining proceeds of the decedent's insurance policy because even if she made a claim as the named primary beneficiary, her right to collect would be barred by law. The Circuit Court of St. Louis County, Missouri found Ms. Lewis guilty of the insured's murder, following her plea of guilty to the crime, and the law is clear that a beneficiary who murders the insured is precluded from recovering proceeds of an insurance policy. See Missouri Revised Statutes § 461.054 (2010); see also Life & Cas. Ins. Co. v. Martin, 603 F. Supp. 281, 283 (E.D. Mo. Feb. 19, 1985) ("The public policy of Missouri . . . will not permit a murderer to profit from her own intentional and unjustified criminal conduct of which she was found guilty beyond a reasonable doubt."); General American Life Ins. Co. v. Cole, 195 F. Supp. 867, 871-72 (E.D. Mo. May 31, 1961). Moreover, Mr. Poindexter's life insurance policy, attached to plaintiff's motion as Exhibit A, provides for how the proceeds should be paid in the circumstance where the primary beneficiary does not survive the insured. [Doc. 5-1]

Thus, this Court lacks jurisdiction under 28 U.S.C. § 1335 because this action does not involve two or more adverse claimants – actual or potential – that could subject NYLIC to multiple suits. Without jurisdiction under the interpleader statute, this Court is precluded from granting plaintiff's motion to interplead or to administer the plan's benefits, and must dismiss this action for lack of subject matter jurisdiction. <u>See</u> Rule 12(h)(3), Fed. R. Civ. P.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion to Interplead and/or Distribute Remaining Death Benefit and to Dismiss with Memorandum of Law is **DENIED**. [Doc. 5]

**IT IS FURTHER ORDERED** that this matter is **DISMISSED** without prejudice for lack of subject matter jurisdiction. An appropriate order of dismissal will accompany this Memorandum and Order.

                                                **CHARLES A. SHAW**
                                                **UNITED STATES DISTRICT JUDGE**

Dated this __13th__ day of June, 2018.